STATE OF NORTH CAROLINA v. CECIL WAYNE RIDDLE AND CHARLES EDWARD RIDDLE

No. 69

(Filed 15 July 1980)

**Burglary and Unlawful Breakings § 5; Crime against Nature § 3; Rape § 5— first degree burglary—first degree rape—crime against nature—sufficiency of evidence**

The State's evidence was sufficient to support jury verdicts finding the first defendant guilty of first degree burglary, first degree rape and crime against nature and the second defendant guilty of first degree burglary and first degree rape.

APPEAL by defendants from *Allen, Judge.* Judgments entered 8 August 1979.

Defendants were tried jointly at the 6 August Criminal Session, Superior Court, BUNCOMBE County. Defendant Cecil Riddle was charged by indictments, proper in form, with: (1) the first

degree rape of Elizabeth Nelson on 21 February 1979, (2) committing a crime against nature with Elizabeth Nelson on 21 February 1979, and (3) committing first degree burglary of the dwelling house of Elizabeth Nelson on 21 February 1979. Defendant entered pleas of not guilty and the jury found defendant guilty of first degree rape, crime against nature and first degree burglary. Judge Allen sentenced defendant Cecil Riddle to life imprisonment for first degree rape, 10 years for crime against nature and 20-25 years for first degree burglary.

Defendant Charles Riddle was charged by indictments, proper in form, with: (1) the first degree burglary of the dwelling house of Elizabeth Nelson on 21 February 1979 and (2) the first degree rape of Elizabeth Nelson as of the same date. Upon pleas of not guilty, the jury also found defendant Charles Riddle guilty of both crimes charged. He was sentenced to life imprisonment for first degree rape and a 20-25 year sentence for first degree burglary.

Both defendants appealed the judgments of life imprisonment directly to this Court pursuant to G.S. 7A-27(A) and on 21 January 1980 we allowed both defendants' motions to bypass the Court of Appeals with regard to the remaining convictions.

The evidence for the State tended to show the following: On the evening of February 21, 1979 Elizabeth Nelson was in her home in Barnardsville, North Carolina. At approximately 9:30 p.m. she went into her bedroom, dressed for the night and went to bed. Prior to retiring, she had turned out the lights and locked the front door of her home. Around 9:45 or 9:50 p.m. Miss Nelson heard something at her front door. She turned on her bedroom light and went into the living room where the light had been turned on, and she saw the defendants Charles and Cecil Riddle. The defendants, at gunpoint, forced Miss Nelson to disrobe, and then with Cecil Riddle holding the gun, Charles Riddle forced Miss Nelson to have sexual intercourse with him. Following this, Cecil Riddle directed Miss Nelson to return to the bedroom where he forced her to perform oral intercourse.

After defendants were finished, they left Miss Nelson's home. Miss Nelson went to bed until the return of her friend Kevin Lynch, and at this point the police were called. Miss Nelson was taken to the hospital on the night of the 21st of February and she

also gave a statement to the police. On that evening she was able to describe both defendants, and later identified the defendants from a grouping of 10 photographs and picked both defendants from a lineup.

At the close of the State's evidence, defendants moved for dismissal of the charges on the grounds that the State failed to make out a prima facie case. The motion was denied. Defendants then presented evidence of an alibi which tended to show that they had been together at the home of their stepmother all evening, and that they did not know the prosecutrix. They also offered testimony that they knew nothing about the burglary or rape, and that they were not at the scene at the time the alleged offenses took place.

Upon hearing all the evidence, the jury returned verdicts of guilty of all charges as to both defendants.

*Attorney General Rufus L. Edmisten by Assistant Attorney General J. Michael Carpenter for the State.*

*Assistant Public Defender Robert L. Harrell for defendant-appellants.*

PER CURIAM.

The sole assignment of error presented by both defendants on this appeal is whether or not there was sufficient evidence in the record to support the jury's verdicts of guilty and the judgments and commitments entered thereon. In determining whether there is evidence sufficient for the judge to submit a case to the jury, "all admitted evidence favorable to the State, whether competent or incompetent, must be considered and must be deemed true. [Citations omitted.] The question for the Court is whether there is substantial evidence to support a finding both that an offense charged in the bill of indictment has been committed and that the defendant committed it [citations omitted]." *State v. Roseman,* 279 N.C. 573, 580, 184 S.E. 2d 289, 294 (1971).

After a thorough review of the record we are of the opinion there was sufficient, competent evidence of every essential element of the offenses charged, and sufficient, competent evidence for the jury to find that the defendants were the perpetrators of

these offenses. We conclude therefore that the verdicts are supported by the evidence and the judgments and commitments are supported by the verdicts.

In the defendants' trial we find

No error.