STATE OF NORTH CAROLINA v. RUDY VALLEY DORSEY

No. 8426SC44

(Filed 20 November 1984)

1. **Constitutional Law § 48— effective assistance of counsel—failure to object to exclusion of testimony—failure to renew motion to dismiss**

   Defendant was not denied the effective assistance of counsel because counsel failed to object to the trial court's exclusion of testimony by a defense witness where counsel properly preserved the propriety of the court's ruling for appellate review by making an offer of proof of the excluded testimony, G.S. 15A-1446(a), and where the excluded testimony was clearly irrelevant. Nor was defendant denied the effective assistance of counsel by the failure of counsel to renew his motion to dismiss at the close of all the evidence since it is not necessary to renew motions for nonsuit in order to preserve the issue of the sufficiency of the evidence for appellate review. G.S. 15A-1446(d)(5).

2. **Narcotics § 4.3— constructive possession of narcotics—sufficiency of evidence**

   The State's evidence was sufficient to establish that defendant was in constructive possession of heroin, cocaine and marijuana so as to support his convictions of trafficking in heroin, possession of cocaine and possession of marijuana where it tended to show: 5 ounces of marijuana, .327 grams of cocaine and 5.03 grams of a heroin-quinine mixture were found either in defendant's bedroom or in a sitting room of his home; the heroin-quinine mixture was packaged in glassine bags similar to a supply of such bags found in defendant's bedroom; and a small mixer containing a heroin-quinine residue and a can containing a quinine powder residue were found in defendant's bedroom.

3. **Narcotics § 4.1— trafficking in heroin—weight of mixture**

   Evidence that 5.03 grams of a heroin-quinine mixture were found in defendant's home was sufficient to convict defendant of trafficking in heroin in violation of G.S. 90-95(h)(4)a, it not being necessary to show that the mixture contained 4 grams or more of heroin to convict defendant of such offense.

4. **Narcotics § 5— felony possession of marijuana—insufficient verdict**

   A verdict finding defendant "guilty of possessing marijuana" was insufficient to support a sentence for the felony of possession of more than an ounce of marijuana but would support a sentence only for the misdemeanor of simple possession of marijuana. G.S. 90-95(d)(4).

APPEAL by defendant from *Burroughs, Judge.* Judgments entered 31 August 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 September 1984.

Defendant was charged with and convicted of trafficking in heroin in violation of G.S. 90-95(h)(4)a, possessing cocaine in violation of G.S. 90-95(a)(3), and possessing more than an ounce of marijuana in violation of G.S. 90-95(d)(4).

The State's evidence tended to show that: On 11 November 1982 officers in the Charlotte Police Department obtained and executed a valid warrant to search Rudy Valley Dorsey's home at 3132 Graymont Drive in Charlotte for narcotics, to wit: 1 ounce of cocaine. At the same address, in addition to the house in which defendant, his wife, and young son, Scotty, lived, was a garage containing defendant's two cars and an office from which defendant operates his cement contracting business. During the search of defendant's home the officers found approximately 5 ounces of marijuana in a bag under a sofa in defendant's bedroom, 0.327 grams of cocaine in a jewelry box in the top drawer of a dresser in his bedroom, and 5.03 grams of a heroin-quinine mixture under the sofa in the sitting room. The heroin-quinine mixture was packaged in 105 small glassine bags, which were grouped in 7 packages of 15 bags each, and each group was secured by a rubber band. Also seized from the defendant's bedroom were 100 glassine bags similar to those containing the heroin-quinine mixture, a small grinder or mixer which contained a residue of a heroin-quinine mixture, and a Planters Pretzel Twist can that contained a residue of quinine powder. The defendant was not present at the time of the search, which began at 3:52 o'clock on the morning of 11 November 1982; but Mrs. Dorsey and two of defendant's children, Scotty, age 11, and Larry Washington, age 35, were present.

Defendant's evidence included testimony by Larry Washington that: From about 8 o'clock in the morning of 10 November until the officers came about 3:30 o'clock the next morning, except for two or three brief absences, he was either in the garage working on defendant's cars, or in defendant's office talking about possible contracting jobs, or in the office sleeping. Defendant's wife, who has a job, was away until about 4:30 that afternoon, but was in the house thereafter. Washington let a woman named Gail

Cherry or Gail Wells into the house on three occasions during the preceding afternoon or evening to use the bathroom, the key to the house being obtained from defendant each time. Four men, other than Washington and defendant, were on the premises during the day and night of 10 November and the early morning hours of 11 November, but did not go in the house. Defendant was about the premises all day and evening preceding the search, but left about two hours before the officers came and did not return that night.

After giving notice of appeal, defendant's trial counsel, Theo X. Nixon, was permitted to withdraw. For a time thereafter defendant was represented by the Public Defender's office, but before the appeal was perfected he engaged his present counsel, Charles V. Bell.

*Attorney General Edmisten, by Assistant Attorney General Thomas J. Ziko, for the State.*

*Charles V. Bell for defendant appellant.*

PHILLIPS, Judge.

Though none of the several assignments of error brought forward by defendant list the exceptions upon which they are based or state where the proceedings complained of can be found in the record, as Rule 10(c) of the N.C. Rules of Appellate Procedure requires, we have nevertheless considered all of the assignments since one of them is that he was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

[1] In support of his claim that he failed to receive the effective assistance of counsel defendant first cites Mr. Nixon's failure to make timely objection to the court's refusal to receive the testimony of Assistant Clerk of Court Mickey Creech, the contention being that the failure to object waived his right to challenge this ruling on appeal. Such is not the law. All that the law requires to preserve exceptions based on the refusal to receive testimony is an offer of proof that states the substance of the refused testimony, G.S. 15A-1446(a); 1 Brandis N.C. Evidence § 26 (1982), and Mr. Nixon made such an offer. Furthermore, the proffered testimony, that Gail Wells had a case in court the morning

of November 11, 1982, the same day the drug bust was made, and failed to appear, was clearly irrelevant and without probative force, in any event. The evidence was offered in support of defendant's contention that somebody else, most likely Gail Wells, placed the illegal contraband in his house; but no such deduction can properly be drawn from this and the other evidence in the case, and the court's refusal to receive it was proper. Another alleged shortcoming of trial counsel was the failure to "renew" his motion to dismiss at the close of all the evidence, the claim being that counsel thereby waived defendant's right to contest the sufficiency of the evidence on appeal. That is not the law, either, as G.S. 15A-1446(d)(5) makes plain, and the sufficiency of the evidence to convict defendant has been considered, as that statute authorizes. The other failings alleged have no more merit, and this assignment of error is overruled.

[2, 3] Defendant's contention that the evidence was insufficient to support his conviction of any of the charges is founded on the State's alleged failure to prove that he was in constructive possession of the substances seized. But evidence that the two drugs and the heroin-quinine mixture were all in defendant's bedroom or sitting room, that the mixture was systematically packed in bags similar to a supply of empty bags also there, and that close by were several mixing and storage utensils that contained ingredients of the mixture, was sufficient to support the inference that all of the illegal drugs were in defendant's constructive possession. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). The contention that the trafficking in heroin charge should have been dismissed is also based on the claim that the evidence failed to show that the mixture contained more than *four* grams of heroin, as the statute he was prosecuted under requires. This contention is mistaken. G.S. 90-95(h)(4)a makes it a Class F felony to sell, manufacture, deliver, transport or possess four grams or more of opium or opiate, "including heroin, or *any mixture containing such substance.*" (Emphasis supplied.) The evidence shows that 5.03 grams of a heroin quinine mixture were found by the police under defendant's sitting room sofa. And, as was held in *State v. Tyndall*, 55 N.C. App. 57, 284 S.E. 2d 575 (1981), under this statute it is the weight of the *mixture*, rather than that of the drug itself, that controls. Both of these contentions are therefore overruled, as are the other contentions made by the

defendant concerning the cocaine and heroin cases. Defendant's convictions of these offenses were without prejudicial error.

[4]  But in the marijuana case (82CR74268), the defendant was not sentenced according to law and must be resentenced. Though defendant was charged with possessing more than an ounce of marijuana, a Class I felony, in violation of G.S. 90-95(d)(4), the jury returned a verdict of "guilty of possessing marijuana." Since the only evidence about marijuana tended to show there was more than an ounce, the trial judge treated the verdict as a finding of guilty of possessing more than an ounce of marijuana and sentenced defendant accordingly. In so doing the court erred. An essential element of the felony defendant was tried for was that the amount of marijuana possessed weighed more than an ounce, and in finding defendant "guilty of possessing marijuana," without finding that more than an ounce was possessed, the jury, in effect, found defendant guilty of simple possession of marijuana, a misdemeanor. *State v. Gooch*, 307 N.C. 253, 297 S.E. 2d 599 (1982). We therefore vacate the judgment in this case and remand for sentencing in accord with the verdict.

Case No. 82CR74262—no error.

Case No. 82CR74265—no error.

Case No. 82CR74268—vacated and remanded.

Judges HEDRICK and BECTON concur.