State v. Horton

---

STATE OF NORTH CAROLINA v. JESSE THOMAS HORTON AKA JESSE PAUL HORTON

No. 848SC629

(Filed 2 July 1985)

1. Narcotics § 4— trafficking in heroin—weight of mixture
    Evidence tending to show that defendant sold six tinfoil packets containing a white powdery substance to an undercover agent, that when the contents of all six packets were dumped together they weighed 6.65 grams, and that a sample from the mixture contained one measure of heroin to twenty measures of manitol was sufficient to support defendant's conviction of trafficking in heroin by possessing and selling more than four but less than fourteen grams of heroin notwithstanding defendant contended that all of the heroin could have been in one packet, the contents of which weighed no more than one gram and a fraction.

2. Narcotics § 1— convictions of possessing and selling heroin and cocaine—same transaction
    Defendant could properly be convicted under G.S. 90-95(b)(1) of offenses of possessing and selling heroin and offenses of possessing and selling cocaine even though the evidence showed that defendant possessed both substances at the same time and place and sold both substances to an undercover agent in the same transaction.

APPEAL by defendant from *Phillips, Herbert O., III, Judge.* Judgments entered 10 June 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 12 February 1985.

Defendant was convicted of eight offenses involving the possession, sale or delivery of cocaine or heroin. Four of the offenses occurred on 9 December 1982, two on 16 December 1982, and two on 5 January 1983. The State's evidence tended to show that on those dates defendant sold various quantities of cocaine or heroin or both to undercover agent T. J. Arthurs in a Goldsboro motel room.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

PHILLIPS, Judge.

[1]   The crimes that defendant committed on 5 January 1983, according to the verdict, were trafficking in heroin—first, by possessing with intent to sell or deliver more than four grams but less than fourteen grams of heroin; and second, by selling the same to the undercover agent. G.S. 90-95(h)(4)a. The defendant's contention that the evidence presented was insufficient to support either conviction is without merit. In gist, the evidence on this point was as follows: On two occasions before 5 January 1983, defendant had sold quantities of cocaine or heroin or both to Arthurs, the undercover agent, and on that day after discussing the price of heroin defendant removed six tinfoil packets from a plastic bag, showed Arthurs that one of the packets contained a white powdery substance, and sold all six packets to Arthurs for $1,050 in cash. The other five packets also contained a white powdery substance, and when the contents of all six packets were dumped together they weighed 6.65 grams. A sample from the pile when analyzed was found to contain one measure of heroin to about twenty measures of manitol, a form of sugar. Defendant concedes that the State did not have to show that the heroin itself weighed more than four grams and that the weight of the mixture rather than the weight of the illicit drug controls. *State v. Tyndall,* 55 N.C. App. 57, 284 S.E. 2d 575 (1981). The flaw in the evidence, so defendant contends, is that for aught that it shows

all the heroin could have been in just one packet the contents of which weighed no more than one gram and a fraction. This same contention was rejected in *State v. Dorsey*, 71 N.C. App. 435, 322 S.E. 2d 405 (1984), where defendant's conviction of trafficking in heroin was upheld even though the analysis was not made until after the contents of the 105 bags that he sold had been dumped together.

[2]   The four crimes that defendant committed on 9 December 1982, according to the verdict, were (1) selling and delivering cocaine; (2) selling and delivering heroin; (3) possessing cocaine with the intent to sell and deliver; and (4) possessing heroin with the intent to sell and deliver. Since the evidence shows that defendant possessed both substances at the same time and place, and sold both substances to Arthurs in the same transaction, defendant contends that he can be lawfully convicted of only one possessing offense and one selling offense because under G.S. 90-95 (b)(1) the possession of *either* heroin or cocaine is a felony, as is the sale of *either* cocaine or heroin. This argument is not only illogical, it runs counter to the purposes of our Controlled Substances Act, one of which is certainly to deter dealers in illicit drugs. Since each of the acts that defendant has been convicted of perpetrating is prohibited by statute and is clearly contrary to the public good, it would be absurd to hold that the General Assembly intended for each act to be but half of a crime. Furthermore, our Supreme Court has already held that one may be properly convicted of both possession with intent to sell and deliver a controlled substance and of selling or delivering it even though both offenses are based on the same transaction. *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973). Nothing in that decision or the Controlled Substances Act supports the contention that the law is otherwise when more forbidden substances than one are handled or sold.

Affirmed.

Judges WEBB and MARTIN concur.