For the reasons stated above, we find

No error.

Judges BECTON and ORR concur.

---

STATE OF NORTH CAROLINA v. VELMA ANN ROBINSON AGUBATA

No. 8810SC1041

(Filed 18 July 1989)

1. **Narcotics § 4— trafficking in heroin—possession of stated amount required—mixture containing heroin sufficient for conviction**

   Defendant was not entitled to have a charge of trafficking in heroin dismissed and to have the lesser offense of felonious possession of heroin submitted to the jury on the basis that the heroin in her possession, apart from the various substances it was mixed with, weighed less than four grams, since pursuant to N.C.G.S. § 90-95(h)(4) the offense of trafficking in heroin consists of possessing stated amounts of any mixture containing heroin, and the evidence indicated that defendant had in her possession several heroin containing mixtures which weighed more than twenty-two grams altogether.

2. **Criminal Law § 92.5— severance requested—antagonistic defenses not shown—denial proper**

   There was no merit to defendant's contention that the trial court erred in refusing to sever her trial from that of her codefendant where defendant alleged that she married the codefendant four days before the trial began and they had antagonistic defenses, but no such conflict was alluded to in her brief or revealed by the record.

3. **Criminal Law § 80.1— letters placing blame on another—authenticity not shown—exclusion proper**

   In a prosecution of defendant for trafficking in heroin, the trial court did not err in excluding letters allegedly written by the owner of controlled substances found in the house shared by defendant, codefendant, and this third person when the trial

court found that the letters were not trustworthy for the reason that the only evidence as to the existence of the writer and his presence in the house with the codefendants was that given by the codefendant, and the police who arrested the codefendants found nothing in the house to indicate that the alleged writer lived or had been there.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 14 January 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 12 April 1989.

*Attorney General Thornburg, by Associate Attorney General D. Sigsbee Miller, for the State.*

*Purser, Cheshire, Parker, Hughes & Manning, by Thomas C. Manning and Joseph B. Cheshire, V, for defendant appellant.*

PHILLIPS, Judge.

[1] In a joint trial with Patrick Agubata, who became her husband four days earlier, defendant was convicted of trafficking in heroin by possessing more than fourteen grams but less than twenty-eight grams of heroin in violation of G.S. 90-95(h)(4)(b). Because the evidence shows that the heroin in her possession, *apart from the various substances it was mixed with,* weighed less than four grams she contends that she was entitled to have the trafficking charge dismissed and the jury instructed on the lesser included offense of felonious possession of heroin, as her motions requested. The contentions have no merit. Under the provisions of G.S. 90-95(h)(4) the offense of trafficking in heroin or any of the other substances referred to therein does not consist of just possessing the stated amount of the listed drugs; it also consists of possessing "any mixture containing such substance," *State v. Dorsey,* 71 N.C. App. 435, 322 S.E. 2d 405 (1984), *State v. Willis,* 61 N.C. App. 23, 300 S.E. 2d 420, *modified and affirmed,* 309 N.C. 451, 306 S.E. 2d 779 (1983), and the evidence indicates that defendant had in her possession several heroin containing mixtures that weighed more than twenty-two grams altogether. This being the only evidence as to the weight of the forbidden mixtures possessed by defendant, it raised no issue as to the lesser included offense and the court did not have to charge on it. *State v. Thompson,* 306 N.C. 526, 294 S.E. 2d 314 (1982).

[2] Defendant next contends that the court erred in refusing to sever her trial from that of her codefendant, Patrick Agubata. The initial joinder order, consented to by the codefendants, was entered two months before trial and is not attacked. The claimed basis for the motion to sever, made the day trial began, is that she married the codefendant four days earlier and they had antagonistic defenses. But since no such conflict is alluded to in her brief or revealed by the record the contention is overruled.

[3] Defendant finally contends that the trial court prejudicially erred by refusing to admit into evidence two handwritten letters postmarked Houston, Texas that Patrick Agubata received through the mail after his arrest. The letters were signed "Pat" and contained statements indicating that the drugs he and defendant were charged with possessing belonged to the writer and that he was sorry for the trouble caused them. In a *voir dire* hearing concerning the proffered evidence, Patrick Agubata testified in substance that the letters were written by one Patrick Babatundi who, he said, resided with him and defendant in the house where the controlled substances were seized, and that a subpoena issued for Babatundi's attendance in court was returned unserved because the sheriff could not locate him. Defendant contends that these letters should have been admitted pursuant to either Rule 804(b)(3), Rule 803(24), or Rule 804(b)(5) of the N.C. Rules of Evidence. It is unnecessary to determine whether the various other requirements of any of these rules were met by the letters and the evidence about them; for before the statements could be received into evidence under either rule relied upon the trial court had to determine, *inter alia*, that the surrounding circumstances indicated that the statements were trustworthy, *State v. Wilson*, 322 N.C. 117, 134, 367 S.E. 2d 589, 599 (1988); *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985), and the court did not so determine. Instead, it permissibly found that the statements were not trustworthy for the sensible reason that the only evidence as to Patrick Babatundi's existence and presence in the house with the codefendants was that given by Patrick Agubata; and that the police who arrested them found nothing in the house to indicate that Babatundi lived or had been there.

No error.

Judges PARKER and COZORT concur.