STATE OF NORTH CAROLINA v. PATRICK GREENIDGE

No. 9026SC630

(Filed 2 April 1991)

**1. Narcotics §§ 1.3, 4 (NCI3d) — movement of drugs from porch to yard next door — substantial movement**

Where a person moves cocaine from a dwelling and to a point beyond its curtilage, such movement is sufficient to constitute real and substantial movement; thus, the mere act of tossing the cocaine from a dwelling into the yard next door amounts to transportation sufficient to sustain a charge of trafficking in cocaine by transportation in violation of N.C.G.S. § 90-95(h)(3).

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 40, 47.**

**2. Narcotics § 1.3 (NCI3d) — trafficking in drugs by transportation — substantial movement — factors to be considered**

In prosecutions for trafficking in drugs by transportation, determination of whether the movement is a "substantial movement" so as to constitute transportation requires, among other things, considerations as to the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 40, 47.**

**3. Narcotics § 4.5 (NCI3d) — trafficking in cocaine by transportation — instructions on movement improper**

The trial court improperly instructed the jury that simply moving cocaine from inside the house to the porch constituted

trafficking in cocaine by transportation in violation of N.C.G.S. § 90-95(h)(3).

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 40, 47.**

APPEAL by defendant from judgment entered 12 February 1990 by *Judge Kenneth A. Griffin* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 22 January 1991.

Defendant was tried and convicted of trafficking in cocaine by possession and trafficking in cocaine by transportation both in violation of G.S. § 90-95(h)(3). From the imposition of consecutive seven year sentences, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Rebecca B. Barbee, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show the following. On 4 November 1989, Charlotte Police Officers R. L. Ferguson, H. W. Lewis and Sergeant W. A. Neal responded to a call at a residence located at 626 Miller Street. Officer Ferguson proceeded to the front door of the residence, Officer Lewis positioned himself near the back door and Sergeant Neal stood at the corner of the house in between Officers Ferguson and Lewis.

At trial, Officer Ferguson testified that after he knocked on the door he saw a man peer out the door window and thereafter heard him shout "it's the police." As he heard movement inside, he knocked a second time; and after about three minutes, the door was opened.

Officer Lewis' testimony at trial was that he was positioned about thirty feet from the back door when Officer Ferguson knocked on the front door. Shortly thereafter, he observed a black man, later identified as the defendant, step onto the back porch, zip up a bag and toss it into the yard next door. When the man tossed the bag, he yelled at him at which time, the man froze for a second and then ran back into the house. Officer Lewis then retrieved the bag and its contents were submitted to a crime lab for analysis.

It was later determined that the white powder found inside the bag weighed 36.96 grams and contained cocaine.

[1] By Assignment of Error number one, defendant contends that the trial court erred in denying his motions to dismiss the charge of trafficking in cocaine by transportation. Specifically, defendant argues that the act of tossing the bag of drugs off the back porch is insufficient to support the offense of trafficking in cocaine by transportation. We disagree.

Initially, we note that we have found no case law suggesting that G.S. § 90-95(h) was enacted merely to prevent the transportation of drugs where an instantaneous sale or distribution is to occur. Thus, we believe the evil sought to be prevented by the legislature is *all* drug movement with the intent of selling and distributing, with time being of no consequence.

In reviewing the sufficiency of the evidence presented by the State to overcome a motion to dismiss, all evidence must be viewed and considered in the light most favorable to the State. *State v. Thompson*, 59 N.C. App. 425, 427, 297 S.E.2d 177, 179 (1982), *disc rev. denied, appeal dismissed*, 307 N.C. 582, 299 S.E.2d 650 (1983). Where it is determined that substantial evidence, whether direct, circumstantial, or both, exists to support a finding that the offense charged was committed and the defendant committed it, a motion to dismiss must be denied. *State v. McKinney*, 288 N.C. 113, 215 S.E.2d 578 (1975).

General Statutes § 90-95(h)(3) provides that "[a]ny person who sells, manufactures, delivers, *transports*, or possesses 28 grams or more of cocaine and any salt, isomer, salts of isomer, compound, derivative, or preparation thereof . . . shall be guilty of a felony, which felony shall be known as 'trafficking in cocaine.'" (Emphasis added.) While the word "transport" is not defined in the North Carolina Controlled Substance Act, G.S. § 90-87, it has previously been defined as "any *real* carrying about or movement from one place to another." *Cunard Steamship Company v. Mellon*, 262 U.S. 100, 122, 43 S.Ct. 504, 506, 67 L.Ed. 894, 901 (1922) (emphasis added). The transfer of drugs from one location to another, whether by carrying or tossing those drugs, clearly constitutes movement. The remaining question is whether it constitutes "transportation." In the case *sub judice*, we must determine if the defendant's act of tossing the drugs from the dwelling is such a movement as to constitute *"real"* movement, *i.e.*, transportation. *Id.* "Real" connotes

"substantial." *See* Black's Law Dictionary 1597 (5th ed. 1979). Thus, the type of movement required for transportation to have occurred is a "substantial movement."

We recognize that no case law specifically speaks to whether tossing drugs from one place to another amounts to transportation pursuant to G.S. § 90-95(h)(3). Both the State and the defendant, however, rely upon *State v. Outlaw*, 96 N.C. App. 192, 385 S.E.2d 165 (1989), to support their respective contentions. The State contends that like *Outlaw*, once the defendant moved the cocaine from one place to another, he trafficked in cocaine by transporting it. Defendant contends that: (1) the act of tossing drugs off the back porch to avoid detection by the police does not constitute trafficking in cocaine by transportation, as articulated in *Outlaw*; and (2) no evidence exists showing an attempt on his part to carry drugs to some other location. The latter contention, however, is clearly in error since the evidence shows the *completed* act of drug movement from one location to another. The fact that the drugs were tossed rather than carried is irrelevant.

Our holding here is consistent with our holding in *Outlaw*. In *Outlaw*, we held that where evidence showed that the defendant removed drugs from his dwelling, placed them into his truck parked in the driveway and commenced backing the truck down the driveway in order to leave the dwelling and its curtilage (although the defendant never left the curtilage with the drugs, the evidence clearly showed that he would have completed backing down the driveway but for the police's arrival), such movement of the drugs by the defendant constituted "any real carrying about or movement of the [drugs] from one place to another." *Cunard*, 262 U.S. at 122, 43 S.Ct. at 506, 67 L.Ed. at 901. Thus, the movement under the *Outlaw* circumstances constituted transportation pursuant to G.S. § 90-95(h)(3). The evidence in the case *sub judice* is stronger than the evidence in *Outlaw*. Here, the defendant actually completed the act of removing the drugs from the dwelling and its curtilage on which he was located to a location clearly beyond that property. Therefore, we hold that in cases like this, where a person moves drugs from a dwelling and to a point beyond its curtilage, such movement is sufficient to constitute real and substantial movement. Thus, the mere act of tossing the drugs from a dwelling to a point outside its curtilage amounts to transportation. Accordingly, the evidence of defendant's actions was sufficient to sustain the

charge of trafficking in cocaine by transportation in violation of G.S. § 90-95(h)(3).

[2]  Defendant argues that a finding of transportation on the facts *sub judice* could result in a charge of trafficking where a suspect merely throws drugs onto the ground when approached by the police, or where a suspect moves drugs from room to room in a house, or from one drawer to another drawer, or from inside the house to the porch. We disagree. The requirement for a "substantial movement" as articulated in *Outlaw* and this case requires a consideration of *all* the circumstances surrounding the movement and not simply the fact of a physical movement of the contraband from one spot to another. Thus, in addressing the question of whether the movement is a "substantial movement" so as to constitute transportation requires, among other things, considerations as to the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved.

[3]  By Assignment of Error number two, defendant contends that the trial court erred in its instruction to the jury on the elements of trafficking in cocaine by transportation. Specifically, the trial court instructed the jury to find the defendant guilty of trafficking in cocaine by transportation if it found "that the defendant knowingly transported cocaine from inside the residence located at 626 Miller Street to the porch of said residence." This, however, was in error. In instructing the jury, the trial court must declare and explain the law arising on the evidence, state the evidence to the extent necessary to explain the application of the law and refrain from expressing an opinion as to whether or not a fact has been proved. G.S. § 15A-1232. The question as to whether an act of movement is sufficient to constitute transportation is one of law and "the court must take the responsibility of so declaring." *State v. Smith*, 187 N.C. 469, 470, 121 S.E. 737, 737 (1924).

It is clear to us, in light of the principles articulated in *Outlaw*, that the trial judge's limited instruction of what evidence constituted transportation was too restrictive. The judge considered *only* the evidence showing a movement of the drugs from inside the house to the porch. The judge should have, however, considered *all* of the circumstances surrounding the movement of the drugs in determining if there was "real movement," *i.e.*, transportation.

Here, the evidence shows that in addition to moving the drugs from inside the house to the porch, the defendant tossed the drugs

beyond the curtilage of the property with the intent to later retrieve them. This evidence should have been considered and the court should have declared and explained the law arising on this evidence in its instruction to the jury on the issue of whether the defendant transported cocaine.

Based upon our discussion contained in Assignment of Error number one, the trial court, under the facts *sub judice*, improperly instructed the jury that simply moving the cocaine by the defendant from inside the house to the porch constituted trafficking in cocaine by transportation in violation of G.S. § 90-95(h)(3). Accordingly, for error in the jury instruction, defendant is entitled to a new trial.

New trial.

Judges ARNOLD and LEWIS concur.