STATE OF NORTH CAROLINA v. GORDON McRAE

No. 9220SC697

(Filed 15 June 1993)

1. **Narcotics, Controlled Substances, and Paraphernalia § 124 (NCI4th)— carrying drugs from house to car—leaving premises by car—substantial movement—sufficiency of evidence of trafficking by transporting**

   Where defendant removed drugs from a dwelling house and carried them to a car by which he left the premises, such movement was "substantial" and sufficient to sustain the charge of trafficking by transporting in violation of N.C.G.S. § 90-95(h)(3).

   **Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

2. **Narcotics, Controlled Substances, and Paraphernalia § 34 (NCI4th)— trafficking by transporting and possession of same cocaine—two offenses**

   A defendant can be convicted of and sentenced for trafficking by transporting and by possession as two separate crimes when the same cocaine is involved in both offenses.

   **Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.13 et seq.**

**3. Narcotics, Controlled Substances, and Paraphernalia § 193 (NCI4th) — trafficking in cocaine by possession charged — insufficiency of evidence of lesser offense of felonious possession**

Where the evidence tended to show that defendant purchased cocaine from a supplier with an undercover agent's money and then gave the cocaine to the agent, and defendant was charged with trafficking in cocaine by possession, the trial court did not err in refusing to submit to the jury the lesser-included offense of felonious possession since the evidence was insufficient to support it.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.13 et seq.**

Appeal by defendant from judgment entered 21 February 1992 in Moore County Superior Court by Judge William Z. Wood, Jr. Heard in the Court of Appeals 25 May 1993.

On 15 April 1991, defendant was indicted by a grand jury for one count of trafficking by sale or delivery of cocaine, one count of trafficking by transporting cocaine, one count of trafficking by possession of cocaine, one count of possession with intent to sell or deliver cocaine, and one count of sale or delivery of cocaine. The State's evidence at trial tended to establish the following facts and circumstances:

On 18 October 1990, State Bureau of Investigations (SBI) Agent Mark Francisco came to Moore County in an undercover capacity and was introduced to the defendant, Gordon McRae. Agent Francisco told the defendant he wanted to buy two ounces of cocaine for $2900.00. The defendant stated that he did not have any cocaine but knew where he could get some. The defendant and Agent Francisco then drove to the home of Larry Williams in Hoke County. Defendant took the agent's money into the dwelling and returned with the cocaine. The defendant then asked the agent for an extra $100.00 for his trouble and effort in obtaining the cocaine.

The defendant and Agent Francisco left Mr. Williams' residence to return to Moore County. The defendant, while still in Hoke County, then attempted to give the cocaine to Agent Francisco, but the agent asked the defendant to "[h]old onto the cocaine until we get back." Once they were in Moore County, Agent Francisco asked the defendant for the cocaine.

Another SBI agent, Randy Johnson, testified for the State. Agent Johnson indicated that on 24 October 1990, he met with the defendant in Moore County and told him he wanted to buy two ounces of cocaine for $2600.00. The defendant explained that he did not have any cocaine with him but that the agent could go with him to get some.

The two men drove to an apartment complex in Moore County. The defendant took the agent's money, went into a dwelling and returned to tell Agent Johnson that there would be a delay. Meanwhile, Agent Johnson observed a red pick-up truck leave the complex and return approximately 15 minutes later. The defendant then came back to the car with the cocaine and gave it to Agent Johnson.

At trial, the defendant was found guilty of all five counts. Defendant was sentenced to seven years imprisonment for his conviction on trafficking by sale or delivery of more than 28 grams of cocaine. Defendant's other two trafficking convictions were consolidated and defendant was sentenced to seven years for both offenses to run consecutively to the seven-year sentence on his first conviction. Defendant also received a three-year sentence for the last two convictions, to run at the expiration of the other two sentences. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for defendant-appellant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends the trial court improperly denied defendant's motion to dismiss the charge of trafficking in cocaine by transporting. Specifically, defendant contends that on 18 October 1990, he immediately delivered the cocaine to the undercover officer when he returned from Mr. Williams' house, and from that point on, he was simply holding the cocaine under Agent Francisco's direction. We disagree.

We note initially that when reviewing the sufficiency of the State's evidence to overcome a motion to dismiss, the evidence must be viewed and considered in a light most favorable to the State. If there is substantial evidence that the crime charged was

committed and the defendant was the perpetrator, a motion to dismiss must be denied. *State v. Riddle,* 300 N.C. 744, 268 S.E.2d 80 (1980).

N.C. Gen. Stat. § 90-95(h)(3) provides in pertinent part that "[a]ny person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine . . . shall be guilty of a felony, which felony shall be known as 'trafficking in cocaine.'" In *State v. Greenidge,* 102 N.C. App. 447, 402 S.E.2d 639 (1991), the Court stated that although the word "transport" has not been defined in the North Carolina Controlled Substances Act, G.S. § 90-86 *et seq.,* our courts have previously defined it as "any real carrying about or movement from one place to another." *Id.* (*quoting Cunard Steamship Company v. Mellon,* 262 U.S. 100, 43 S.Ct. 504, 67 L.Ed.2d 894 (1922)).

Our courts have determined that even a very slight movement may be "real" or "substantial" enough to constitute "transportation" depending upon the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved. *See Greenidge, supra.* For instance, in *State v. Outlaw,* 96 N.C. App. 192, 385 S.E.2d 165 (1989), *disc. review denied,* 326 N.C. 266, 389 S.E.2d 118 (1990), our Court concluded that the defendant was guilty of trafficking by transporting cocaine when he removed drugs from a dwelling, placed them in his truck parked in the driveway, and backed a minimal distance down his driveway. In *State v. Greenidge,* we determined that the simple act of tossing the drugs from a dwelling to a point outside the curtilage was "real" or "substantial" movement so as to constitute "transportation." *See Greenidge, supra.*

Here, defendant removed the drugs from a dwelling house and carried them to a car by which he left the premises. In keeping with prior case law, we find such movement to be "substantial" and sufficient to sustain the charge of trafficking by transporting in violation of G.S. § 90-95(h)(3).

[2] Defendant next contends that he cannot be convicted of both trafficking in cocaine by transporting and trafficking in cocaine by possessing because the two convictions involve one incident with the same cocaine and would subject him to double jeopardy. We disagree.

The North Carolina Supreme Court, in *State v. Steward*, 330 N.C. 607, 411 S.E.2d 376 (1992), squarely addressed this issue and determined that a defendant could be convicted of and sentenced for trafficking by transporting and possession as two separate crimes when the same cocaine was involved in both offenses. This assignment of error is therefore overruled.

[3] By his third assignment of error, defendant contends that the trial court erred in not submitting to the jury, in addition to the trafficking in cocaine by possessing charge, the lesser charge of felonious possession of cocaine. In his testimony about the events of 18 October 1990, the defendant stated that before he delivered the cocaine from the supplier to the undercover agent, he stopped in the bathroom and took a tiny amount of cocaine for himself. For the court to submit the charge of felonious possession of cocaine under G.S. § 90-95(d), there must be evidence that the defendant possessed more than one gram of cocaine. *See State v. Hyatt*, 98 N.C. App. 214, 390 S.E.2d 355 (1990). The evidence at trial tends to establish that defendant took less than a gram of cocaine for himself. The trial court may not submit the charge of felonious possession because the evidence was insufficient to support it. *See State v. Agubata*, 94 N.C. App. 710, 381 S.E.2d 191 (1989). When all the evidence tends to show that the accused committed the crime charged and there is no evidence of guilt of a lesser-included offense, a court is correct in refusing to charge on the lesser-included offense. *State v. Summitt*, 301 N.C. 591, 273 S.E.2d 425, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed.2d 349 (1981). We therefore overrule this assignment of error.

By his fourth assignment of error, defendant asserts that the trial court erred in refusing to dismiss the charges of trafficking by sale on 18 October 1990, and sale and possession with intent to sell and deliver on 24 October 1990 because the evidence was insufficient to support these charges. We find defendant's arguments unpersuasive. After reviewing the record and applying the *Riddle* standard as previously set forth, we are of the opinion that there was sufficient evidence of every essential element of the offenses charged. We find the denial of defendant's motion to dismiss to be proper.

By his final assignment of error, defendant claims that the trial court erred in refusing to dismiss the charge of trafficking. Defendant, however, presents no argument in support of this con-

tention, and therefore, this assignment of error is deemed abandoned. N.C.R. App. P. 28(a).

For the reasons set forth herein, we find the defendant received a fair trial free from prejudicial error.

No error.

Judges COZORT and JOHN concur.