STATE OF NORTH CAROLINA v. JARVIS PULLEN, DEFENDANT

No. COA03-234

(Filed 20 April 2004)

## 1. Robbery— sufficiency of evidence—recanted confession of codefendant

There was sufficient evidence of defendant's guilt of robbery with a dangerous weapon even though a codefendant's confession was recanted at trial. The jury decides whether to give more weight to the original statement or to the testimony, and there was other evidence implicating defendant.

## 2. Evidence— denial of motion in limine—no objection at trial

Defendant did not fully preserve the issue of the admissibility of a codefendant's confession where defendant's motion in limine was denied and defendant did not object at trial. The amendment to N.C.G.S. § 8C-1, Rule 103(a)(2) (objection need not be renewed after definitive ruling on evidence) applies only to rulings made on or after 1 October 2003.

## 3. Confessions and Incriminating Statements— confession— unavailable codefendant

The confession of an unavailable codefendant in a robbery trial was erroneously admitted but did not constitute plain error in light of other evidence. The testimony was given during the police interrogation of a witness who had given notice that he intended to invoke his Fifth Amendment rights, there was no opportunity for cross-examination, and admission of the statement violated the Confrontation Clause under *Crawford v. Washington*, 541 U.S. —— (2004).

STATE v. PULLEN

[163 N.C. App. 696 (2004)]

Appeal by defendant from judgments entered 10 September 2002 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 14 January 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*Thomas R. Sallenger, for defendant-appellant.*

GEER, Judge.

Defendant Jarvis Pullen appeals from his conviction on two counts of robbery with a dangerous weapon. We hold that the trial court properly denied defendant's motion to dismiss, but that the court erred, under the Confrontation Clause, in admitting the out-of-court confession of a non-joined co-defendant. Although defendant moved to suppress the confession prior to trial, he failed to repeat his objection when the confession was ultimately offered into evidence and, therefore, failed to preserve his objection for appellate review. Based on our review of the record, we conclude that defendant has failed to meet the standard required for reversal under the plain error doctrine.

Facts

Between 5:00 p.m. and 6:00 p.m. on 12 April 2002, three young males—two of them wielding guns—robbed Darryl Lawrence, Jr. and Jacqueline Jones as they sat on the porch of the Raleigh, North Carolina house of Darryl's brother, Montrell Lawrence. Darryl Lawrence, who had injured his leg, was wearing an orthopedic boot and using crutches. Having just cashed his paycheck, he had approximately $3,225.00 in his pockets. Jones' purse contained $250.00.

Two of the robbers jumped onto the porch. The third remained on the ground, holding a gun. One of the robbers on the porch pointed a gun at Lawrence while the other pushed him down. The robbers removed the cash from Lawrence's pocket and took jewelry from him valued at approximately $3,700.00. The armed robber on the porch told Jones not to speak or he would shoot her, grabbed her purse, and emptied it of the cash. He then hit Lawrence across the face with his gun.

When Montrell Lawrence, who was across the street, heard that his brother was being robbed, he ran towards his house and witnessed the robberies in progress. The robbers ultimately fled by run-

ning around the right side of the house. Darryl Lawrence called the police on his cellular phone.

Although the victims testified that they did not see the robbers' faces clearly because their attention was focused on the guns, they and Montrell Lawrence described the general appearance of each of the three robbers, all of whom were African-American and were between the ages of 15 and 20. The robber on the porch holding the gun had a medium complexion and was wearing a dark baseball cap, a white basketball jersey with blue lettering on it, and bleach-spotted, faded jeans. The second robber on the porch was small and had a light complexion. The robber who remained on the ground had a dark complexion, gold front teeth, and ear-length dreadlocks. He was dressed all in black and was wearing a black knit hat.

A short time after the robbery, at approximately 6:15 p.m. to 6:20 p.m., police briefly detained Terrence Little, Courtney Barnes, and defendant, who were walking along Alston Street, a few blocks from where the robbery had occurred on Cabarrus Street. A police officer drove Darryl Lawrence to the detained suspects. Lawrence was shown Little and defendant, but was unable to positively identify either of them as the robbers.

After further investigation, the police located Barnes and interviewed him at the police station in the presence of his mother. Although first denying any involvement in the robbery, Barnes later orally confessed and identified Little and defendant as being the other two robbers.

The police located Little and brought him to the police station. When taken into custody, Little was wearing a white basketball jersey with blue lettering and faded, bleached jeans. After being told that Barnes was in custody, Little gave both an oral and written confession that also identified defendant as the third robber.

Little told police that he had gotten a room at a Red Roof Inn for defendant because defendant lacked identification. The police located defendant in the room and arrested him. A search of the room produced a bag of marijuana, $97.00 in cash, jewelry belonging to defendant's girlfriend, a black toboggan hat, and false teeth. The police found none of the victims' money or jewelry in the room; nor was there any evidence of a gun.

Barnes entered into an agreement with the State under which he agreed to give testimony consistent with his confession at defendant's

trial in exchange for being adjudicated as a juvenile. At defendant's trial, however, he recanted his confession, testifying that he had lied both to the police and to the juvenile court when he confessed to participating in the robbery.

Although Darryl Lawrence was unable at trial to identify defendant as one of the robbers, he confirmed that Barnes was the robber on the porch who pushed him. After being shown a photograph taken of Little on the night of the robbery, Jones identified the basketball jersey as the one being worn by the robber with the gun on the porch. Jones also testified that defendant was *not* one of the robbers based on his hair and his weight at the time of the trial. Barnes and other witnesses, however, testified that defendant's hair and weight had changed significantly by the time of trial.

Defendant presented only one witness, a friend of defendant's girlfriend, who testified that she saw three males running down Cabarrus Street at about the time of the robbery. She testified that she briefly saw their faces, that she did not recognize them, and that none of them was defendant. She reported that all three were wearing black "hoodies."

I

[1] Defendant first argues that the trial court erred in failing to dismiss the charges against him. Defendant contends that the State's evidence was insufficient to prove that he committed the robberies. We disagree.

Upon a defendant's motion for dismissal, the question for the court is whether substantial evidence exists (1) of each essential element of the offense charged, and (2) that defendant was the perpetrator of the offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Vick*, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). The evidence must be viewed in the light most favorable to the State, allowing the State every reasonable inference to be drawn from the evidence. *State v. Johnson*, 310 N.C. 574, 577, 313 S.E.2d 560, 563 (1984). Circumstantial evidence may be sufficient to support a conviction even when " 'the evidence does not rule out every hypothesis of innocence.' " *State v. Haselden*, 357 N.C. 1, 18, 577 S.E.2d 594, 605 (quoting *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988)), *cert. denied*, 540 U.S. 988, 157 L. Ed. 2d 382, 124 S. Ct. 475 (2003).

"If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). Contradictions or inconsistencies in the evidence do not warrant dismissal. *State v. Williams*, 355 N.C. 501, 579, 565 S.E.2d 609, 654 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808, 123 S. Ct. 894 (2003).

Here, Barnes' confession, identifying defendant as the robber who remained on the ground, was sufficient to defeat defendant's motion to dismiss. Although he recanted that confession at trial, it was the responsibility of the jury, and not the trial court, to decide whether to give greater weight to Barnes' trial testimony than his original confession. *Id.* Further, the State offered evidence that defendant, Little, and Barnes were all found shortly after the robbery only a few blocks away; that the three, at the time they were stopped, matched the descriptions of the robbers, including their clothes and physical appearance; and that Darryl Lawrence identified Barnes as one of the robbers, while Jones identified the clothes Little was wearing as being the same as a second robber. Since Barnes testified at trial that he and Little were with defendant during the time of the robbery, these identifications also implicate defendant. This evidence, both direct and circumstantial, was sufficient to defeat defendant's motion to dismiss.

II

**[2]** Defendant next contends that the trial court violated the Confrontation Clause of the United States Constitution by admitting into evidence the oral and written confessions of non-joined co-defendant Terrence Little. Defendant properly sought to suppress Little's statements based on the Confrontation Clause by filing a motion *in limine*, which was denied. He subsequently, however, failed to object when those statements were actually admitted into evidence.

Our Supreme Court has held that a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is ultimately offered at trial. *State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999). The General Assembly, however, recently amended Rule 103(a) of the Rules of Evidence to provide: "Once the court makes a definitive ruling on the record admitting or excluding

evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2003). This amendment, however, applies only to rulings made on or after 1 October 2003. 2003 N.C. Sess. Laws ch. 101. Since the pre-existing rule applies to this case, we must hold that defendant failed to fully preserve the issue of the admissibility of the Little confession for appellate review.

Defendant has assigned plain error to the admission of Little's confession. In deciding whether an error by the trial court constituted plain error, "the appellate court must examine the entire record and determine if the . . . error had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983). Phrased alternatively, we must determine whether any error "might have . . . tilted the scales and caused the jury to reach its verdict convicting the defendant." *State v. Tucker*, 317 N.C. 532, 540, 346 S.E.2d 417, 422 (1986) (internal quotation marks omitted).

[3] The first question before this Court is whether the trial court erred in admitting Little's confession. Applying the United States Supreme Court's recent decision in *Crawford v. Washington*, 541 U.S. ——, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), we hold that the Confrontation Clause barred admission of Little's confession.

When construing the Confrontation Clause in *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539 (1980), the Supreme Court originally conditioned the admissibility of hearsay evidence on whether it falls under a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." In *Crawford*, the Supreme Court rejected this rule as applied to "testimonial statements" because of the rule's "demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude." 541 U.S. at ——, 158 L. Ed. 2d at 200, 124 S. Ct. at 1371.

Under *Crawford*, "[w]here testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at ——, 158 L. Ed. 2d at 203, 124 S. Ct. at 1374. The Court did not set out a comprehensive definition of "testimonial evidence," but did expressly hold that "[s]tatements taken by police officers in the course of interrogations" are testimonial. 541 U.S. at ——, 158 L. Ed. 2d at 193, 124 S. Ct. at 1364.

Because Little's statements were made to police officers in the course of an interrogation, those statements constitute testimonial evidence under *Crawford*. They would only be admissible if Little was unavailable at trial and if defendant had a prior opportunity for cross-examination. The parties do not dispute that Little was "unavailable" given that his attorney notified both parties that Little would invoke his Fifth Amendment rights if called to testify. Since, however, defendant had no prior opportunity to cross-examine Little as to his statements, Little's confession could not be admitted at defendant's trial without violating the Confrontation Clause.

While the trial court did err in admitting the confession, we do not believe that this error amounts to plain error. While we might reach a different result if we were applying the constitutional "harmless beyond a reasonable doubt" standard, our review of the record does not lead to the conclusion that the error "might have . . . tilted the scales and caused the jury to reach its verdict convicting the defendant." *Tucker*, 317 N.C. at 540, 346 S.E.2d at 422 (internal quotation marks omitted).

Barnes' confession was admitted without objection and is not challenged on appeal. In that confession, Barnes confirmed that defendant, Little, and he were the robbers. While Barnes purported to recant that confession on the stand, he still maintained at trial that he, Little, and defendant were together and were in the vicinity of the robbery at the precise time of the robbery. In fact, defendant, Little, and Barnes were stopped by police only a few blocks from the robbery shortly after the robbery occurred.

Darryl Lawrence positively identified Barnes as one of the robbers, while Jones, after seeing a photograph of Little, positively identified the basketball jersey as being the one worn by the armed robber on the porch. When taken into custody, Little was dressed as described by the victims and Montrell Lawrence. The witnesses testified that the third robber was dressed all in black, had gold front teeth, wore a black knit hat, and had short dreadlocks. On the day of the robbery, defendant was wearing all black, had a black knit hat, and had short dreadlocks; defendant also has gold front teeth. While Jones denied at trial that defendant was the third robber, she explained that she was relying upon the fact that his hair and weight were different. Other witnesses, including Barnes, all confirmed that defendant's hair had changed significantly by the time of trial and that he had lost weight.

KEEL v. PRIVATE BUS., INC.

[163 N.C. App. 703 (2004)]

In short, the evidence at trial established that defendant, Little, and Barnes were together at the time of the robbery and almost precisely at the location where the robbery occurred. Defendant has pointed to no contrary evidence. Since Barnes was positively identified as a robber and both Little and defendant matched the victims' descriptions of the other two robbers precisely, we conclude that it would be unlikely that the jury would have reached a different verdict even in the absence of the Little confession. This is especially true given the Barnes confession. We therefore hold that the admission of the Little confession did not constitute plain error.

No error.

Judges McGEE and HUNTER concur.