STATE OF NORTH CAROLINA v. ANTHONY WILLIAMS

No. COA05-978

(Filed 6 June 2006)

**1. Drugs— cocaine transportation—no evidence that cocaine was moved**

The trial court erred by not dismissing a charge of trafficking in cocaine by transportation where the cocaine was found in an automobile that was in a parking space and stationary during the law enforcement operation. The State presented no evidence of how the vehicle arrived, or that defendant moved the cocaine from one place to another.

**2. Evidence— other crimes or bad acts—pornography business—not plain error**

There was no plain error in a cocaine prosecution in the admission of evidence that defendant was involved in the pornography

**STATE v. WILLIAMS**

[177 N.C. App. 725 (2006)]

business where there was substantial evidence that defendant was involved in trafficking in cocaine by possession.

### 3. Criminal Law—motion for appropriate relief— appeal timely filed— jurisdiction of trial court

A trial court was without jurisdiction to rule on defendant's motion for appropriate relief where defendant had given timely notice of appeal and the appeal was pending.

Appeal by defendant from judgments entered 10 September 2003 by Judge Yvonne Mims Evans, and certiorari review of a 23 April 2004 order entered on defendant's motion for appropriate relief by Judge Robert P. Johnston, all orders entered in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Wendy L. Greene, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel Shatz for defendant.*

LEVINSON, Judge.

Anthony Williams (defendant) appeals from judgments entered upon his convictions for trafficking in cocaine by possession and trafficking in cocaine by transportation. We reverse the judgment for trafficking in cocaine by transportation, find no error in the judgment for trafficking in cocaine by possession, and vacate an order entered on defendant's motion for appropriate relief.

The pertinent facts may be summarized as follows: Jeffery Falls assisted the police in an undercover narcotics operation on 9 September 2002. Specifically, Falls who had purchased cocaine from defendant in the past, sought to purchase two kilograms of cocaine from defendant at a specified location where the police would observe.

The operation was organized, in part, by Special Agent Rodney Blacknall of the Bureau of Alcohol Tobacco and Firearms and Sergeant Rev Busker of the Charlotte-Mecklenburg Police Department. After telephone calls between Falls and the defendant, the two agreed to meet at a local YMCA. Falls was not wired for the meeting with defendant. Instead, to facilitate officers' monitoring of the events, Falls was instructed to leave his cell phone connection open when Blacknall telephoned him.

**STATE v. WILLIAMS**

[177 N.C. App. 725 (2006)]

Falls drove to the YMCA, followed by Blacknall. Falls identified the defendant and his vehicle, a Cadillac Escalade. Falls exited his vehicle as the cell phone connection between Blacknall and Falls remained open. Falls first greeted the defendant on the stairs of the YMCA. Then, as per defendant's request, both men were seated in defendant's Escalade. After Falls told defendant that he needed to see the cocaine, the two men walked to the back of the vehicle. Defendant opened the back hatch and displayed cocaine that was stored in a black leather bag. Defendant gave two pornographic video tapes to Falls. Falls then signaled Blacknall over the cell phone and law enforcement officers arrested the defendant, and the two kilograms of cocaine were seized from the Escalade.

Shortly after the arrest, Blacknall and others executed a search warrant at two addresses associated with the defendant. Police found the following: documents in defendant's alias, Johnny Manning; documents revealing that Charmaine Thorton leased the Escalade; tax returns in defendant's true name, Anthony Williams; a couple of safes; and video equipment and tapes which suggested that defendant was operating a pornography business out of his apartment across the street from the YMCA.

Blacknall and Busker testified that they were unable to directly observe the transaction between Falls and defendant; Blacknall relied, instead, on the cell phone connection. However, an SBI agent observed Falls and the defendant exit the Escalade, walk to the rear of the vehicle, and open and close the back hatch.

Defendant was convicted of trafficking in cocaine by possession and trafficking in cocaine by transportation, and was sentenced to two consecutive prison terms of 175-219 months in judgments entered 10 September 2003. On 25 March 2004, while defendant's appeal as of right was pending, defendant filed a Motion for Appropriate Relief (MAR) in the trial court division, alleging the ineffective assistance of counsel. The record reveals that defendant believed he did not have an appeal pending before this Court when he filed this MAR. On 23 April 2004, the trial court summarily denied the MAR on the grounds that it did not state a claim upon which relief could be granted. Although the record reveals that defendant gave timely notice of appeal from the 10 September 2003 judgments, he nevertheless filed a petition for writ of certiorari on 23 June 2004 in this Court, seeking review of the criminal judgments entered 10 September 2003 as well as the trial court's summary denial of his MAR. This Court allowed defendant's petition for

writ of certiorari for the purpose of reviewing the criminal judgments entered 10 September 2003, and did not expressly allow or deny the petition with respect to the trial court's denial of the MAR.

We first address defendant's appeal from the criminal judgments entered 10 September 2003. Defendant contends that the trial court erred by (1) denying his motion to dismiss the charge of trafficking in cocaine by transportation, and (2) allowing the State to introduce evidence that defendant was involved in the pornography business.

[1] In defendant's first argument on appeal, he contends that the trial court erred by denying his motion to dismiss the charge of trafficking in cocaine by transportation. We agree.

When ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996).

> Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.

*State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (internal citations and quotation marks omitted). "[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *State v. Crouse*, 169 N.C. App. 382, 389, 610 S.E.2d 454, 459 (2005).

In the instant case, defendant was charged with trafficking in cocaine by transportation, in violation of N.C. Gen. Stat. § 90-95(h)(3)(c) (2005), which provides, in relevant part, that "[a]ny person who . . . transports 28 grams or more of cocaine . . . shall be guilty of a felony . . . known as trafficking in cocaine." In order to sustain a conviction under this statute, the State must prove that the defendant (1) knowingly (2) transported a given controlled substance, and that (3) the amount transported was greater than the statutory threshold amount. *State v. Shelman*, 159 N.C. App. 300, 307, 584 S.E.2d 88, 94 (2003).

"A conviction for trafficking in cocaine by transportation requires that the State show a substantial movement." *State v. Wilder*, 124 N.C. App. 136, 140, 476 S.E.2d 394, 397 (1996) (citing *State v. Greenidge*, 102 N.C. App. 447, 451, 402 S.E.2d 639, 641 (1991)) (internal quotation marks omitted). Transportation is shown by evidence of carrying or movement of narcotics " 'from one place to another.' " *State v. Outlaw*, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (quoting *Cunard Steamship Company v. Mellon*, 262 U.S. 100, 122, 67 L. Ed. 894, 901 (1923) ("we believe that it is correct to view transportation as 'any real carrying about or movement from one place to another' ")). "Our courts have determined that even a very slight movement may be 'real' or 'substantial' enough to constitute 'transportation' depending upon the purpose of the movement and the characteristics of the areas from which and to which the contraband is moved." *State v. McRae*, 110 N.C. App. 643, 646, 430 S.E.2d 434, 436 (1993). "A determination of whether there has been 'substantial movement' involves consideration of 'all the circumstances surrounding the movement[.]' " *State v. Manning*, 139 N.C. App. 454, 468, 534 S.E.2d 219, 228 (2000) (quoting *Greenidge*, 102 N.C. App. at 451, 402 S.E.2d ay 641).

In the instant case, the State failed to present evidence that the defendant moved the cocaine from one place to another. When law enforcement arrived at the YMCA, the Escalade containing the two kilograms of cocaine was already backed into a parking space and remained stationary during the course of the law enforcement operation. The State presented no evidence showing how the vehicle arrived at the YMCA. Additionally, no evidence was presented in regards to whether the cocaine was moved by defendant before Falls arrived. The State contends that the circumstantial evidence in the record is sufficient to demonstrate defendant moved the cocaine. In particular, the State relies on Falls' testimony that he observed defendant drive the Escalade on prior occasions, and defendant's suggestion to Falls that they meet at the YMCA. We disagree. Even considering all the surrounding circumstances, there is not sufficient evidence in the record to demonstrate when or how the cocaine was placed in the Escalade. Consequently, because the State failed to present substantial evidence that the cocaine was moved from one place to another by defendant, the conviction of trafficking in cocaine by transportation must be reversed.

[2] In defendant's second argument on appeal, he contends that the admission of evidence showing he was involved in the pornography business constituted error. Specifically, defendant contends that Blacknall's testimony referring to a pornography business (*e.g.*, video

cameras and tapes in defendant's apartment), as well as Falls' testimony that defendant handed him pornographic tapes, constitutes impermissible evidence of his character in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

Because defendant failed to object to the admission of this evidence, we review for plain error. Plain error review is available for errors in the admission of evidence and jury instructions. *State v. Wolfe*, 157 N.C. App. 22, 33, 577 S.E.2d 655, 663 (2003). To establish plain error, a defendant must demonstrate "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). We "must examine the entire record and determine if the . . . error had a probable impact on the jury's finding of guilt." *State v. Pullen*, 163 N.C. App. 696, 701, 594 S.E.2d 248, 252 (2004) (internal quotation marks omitted).

Under N.C. Gen. Stat. §8C-1, Rule 404(b) (2005), evidence of a defendant's prior conduct is not admissible for the purpose of proving that the defendant acted in conformity therewith on a particular occasion. Such evidence is only admissible if it is relevant to show something other than a defendant's character or propensity to commit the crime charged. Rule 404(b). Such permissible purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.* Hence, "[o]nly those acts which follow the rationale of the rule, with a relevant purpose other than to show that defendant had the disposition to commit the alleged crime, are admissible under the rule." *State v. Bush*, 164 N.C. App. 254, 261, 595 S.E.2d 715, 720 (2004).

In the instant case, assuming *arguendo* that the evidence should not have been admitted, its admission cannot be said to have amounted to an error that was so fundamental as to result in a miscarriage of justice or one that had a likely impact on the outcome of the trial. Here, there is substantial record evidence establishing defendant's commission of trafficking in cocaine by possession. For example, it is uncontradicted that law enforcement found two kilograms of cocaine in defendant's possession, which was stored in a black leather bag located in the rear of the vehicle. In addition, the record reveals that law enforcement seized the cocaine shortly after defendant walked to the back of the vehicle and showed the cocaine to Falls. This assignment of error is overruled.

**[3]** We next address defendant's argument that the trial court erred by denying his MAR, which set forth numerous reasons why he received ineffective assistance of counsel at trial. Defendant claimed, *inter alia,* that his trial counsel did not properly give notice of appeal from the 10 September 2003 judgments; did not file pre-trial motions to suppress evidence; and did not subpoena the registered owner of the Escalade to testify about the cocaine found in the vehicle and her alleged association with the presiding judge. In his petition for writ of certiorari to this Court seeking review of the trial court's denial of his MAR, defendant contends that an evidentiary hearing was necessary to enable the trial court to properly rule on his claims of ineffective assistance of counsel. We observe that the State, in its response to defendant's petition for writ of certiorari, acknowledged that his claims of ineffective assistance of counsel—excluding the one related to counsel's failure to give proper notice of appeal—required an evidentiary hearing. We now grant defendant's petition for certiorari to review the 23 April 2004 order denying his MAR.

"A case remains open for the taking of an appeal to the appellate division for the period provided in the rules of appellate procedure for giving notice of appeal." N.C. Gen. Stat. § 15A-1448(a)(1) (2005). Rule 4 of the North Carolina Rules of Appellate Procedure sets forth the time period for giving such notice of appeal. N.C.R. App. P. 4(a)(2). Rule 4 states, in pertinent part, that "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by filing notice of appeal . . . within 14 days after entry of the judgment." *Id.* (emphasis added). In addition, "[t]he jurisdiction of the trial court with regard to the case is divested, except as to actions authorized by G.S. 15A-1453, when notice of appeal has been given[.]" N.C. Gen. Stat. § 15A-1448(a)(3) (2005).

In the instant case, the trial court entered judgments on the trafficking in cocaine by possession and trafficking in cocaine by transportation on 10 September 2003. A written notice of appeal was filed on 23 September 2003. Defendant, therefore, gave timely notice of appeal because the appeal was taken within 14 days after entry of the judgment. *See* Rule 4(a)(2). Pursuant to G.S. § 15A-1448(a)(3), the trial court was without jurisdiction to rule on defendant's MAR filed 25 March 2004 because his appeal was pending. The proper venue for filing the MAR would have been in this Court pursuant to N.C. Gen. Stat. § 15A-1418(a) (2005). " 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *State*

*v. Crawford,* 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) (quoting *State v. Felmet,* 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)). We conclude that the trial court lacked jurisdiction to enter the 23 April 2004 order summarily denying defendant's MAR, and we vacate the same. In addition, we instruct the trial court to dismiss the MAR filed 25 March 2004. Defendant is not barred from filing a new MAR setting forth the claims of ineffective assistance of counsel which were set forth in his MAR of 23 March 2004.

No error in part; reversed in part; and vacated in part.

Judges WYNN and ELMORE concur.