STATE OF NORTH CAROLINA
v.
ADAM TROY KITTRELL
No. COA08-988
Court of Appeals of North Carolina.
Filed June 2, 2009
This Case not for Publication.
Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.
Kimberly P. Hoppin for defendant.
ELMORE, Judge.
On 2 April 2007, and pursuant to a plea agreement, Adam Troy Kittrell (defendant) pled guilty to two counts of first degree sexual offense against a child aged 13, 14, or 15. The plea agreement provided that defendant's sentence would be in the trial court's discretion. The trial court sentenced defendant, a level II offender, to 320-393 months' imprisonment.

Background
On or about 10 April 2007, defendant sent a handwritten letter to the trial court from Central Prison that stated, in relevant part: I entered a plea agreement by advisory [sic] of my attorney (Mr. McWilliams) for 18 years  at least this is what he led me to believe  but I later found out that my sentence was 320-396 [sic] months. I feel that I was coerced into taking the wrong plea, and was led to take a sentence that I never was in agreement with. Again, he assured me that the plea agreement was for 18 years.
My charge is an "E" class offense at A level (3) three, but I was coerced into taking a class B1 charge, 14-27.7A but my original charge suppose [sic] to be 14.27.7. I ask that you assist me in this matter, and I also ask that I be able to withdraw my current plea and seek [sic] the court for appropriate relief. I would also request that this court order that the pro se plea agreement be stricken, and a new trial date be set in the above matter.
On 19 May 2007, defendant sent a handwritten motion to appeal to the Wake County Clerk of Superior Court and Senior Resident Superior Court Judge Donald W. Stephens. Upon receipt, Judge Stephens attached a handwritten note addressed to a deputy clerk stating, in relevant part, "Treat this as a timely notice of appeal as of May 19, 2007. Prepare appeal entries and appoint Appellate Defender. Deny bond pending." On 10 January 2008, defendant was appointed appellate counsel.
On 9 May 2008, Superior Court Judge Paul C. Ridgeway entered an order denying relief. He treated defendant's 10 April 2007 letter as a motion for appropriate relief, but concluded that defendant's motion raised only questions of law, and thus no evidentiary hearing was required. Judge Ridgeway noted that "[t]he court record reflect[ed] that the Defendant signed under an oath, acknowledging that he had read and understood, a plea transcriptwhich detailed the charges against the Defendant and set out that the maximum punishment for these offenses was two life sentences," and "that sentencing was to be in the judge's discretion." He concluded that defendant presented "no explanation for his present claim that he did not understand the nature of the charges or the possible sentence that he might receive" or "evidence of any irregularity in the taking of the plea or the imposition of the sentence."
Defendant's appeal followed, along with a 24 September 2008 petition for writ of certiorari. The State filed a 10 October 2008 motion to dismiss appeal. Both were referred to the panel.

Motion to Dismiss
The State moved to dismiss defendant's appeal because defendant had no right of appeal. A defendant who enters a guilty plea has a statutory right to appeal his conviction in the following three situations: (1) When the issue is "whether his . . . sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense." N.C. Gen. Stat. § 15A-1444(a1) (2007). (2) When the sentence imposed is based upon an incorrect finding of the defendant's prior record or conviction level, contains an unauthorized type of sentence disposition, or contains an improper duration of imprisonment. N.C. Gen. Stat. § 15A-1444(a2) (2007). (3) When a motion towithdraw a guilty plea was denied. N.C. Gen. Stat. § 15A-1444(e) (2007).
Here, the first two situations clearly do not apply; the sentence was appropriate. With respect to the third situation, defendant finds himself in a strange procedural situation because he appealed his conviction nearly a year before Judge Ridgeway denied his motion for appropriate relief. Therefore, defendant has no statutory right to appeal his conviction. Accordingly, this Court allowed the State's motion to dismiss defendant's appeal and, on 12 January 2009, entered an order dismissing the appeal and ordering defendant to pay costs.

Motion for Writ of Certiorari
Defendant petitioned this Court to issue a writ of certiorari to review Judge Ridgeway's order denying defendant appropriate relief. A defendant who is not entitled to appeal an issue as a matter of right may petition the appellate division for review of this issue by writ of certiorari. N.C. Gen. Stat. § 15A-1444(a1), (e) (2007). Defendant could have appealed the denial of his motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1422, but that right to appeal must be exercised within the fourteen-day period following entry of the order. N.C.R. App. P. Rule 4(a)(2) (2007). Defendant failed to appeal Judge Ridgeway's order within the time frame specified and now seeks to remedy that failure.
Defendant argued that we should apply Rule 21(a)(1), which allows this Court to issue a writ of certiorari "in appropriate circumstances" to permit review of a trial court's order "when the right to prosecute an appeal has been lost by failure to take timely action . . . or for review pursuant to G.S. 15A-1422(c)(3) of an order of the trial court denying a motion for appropriate relief." N.C.R. App. P. Rule 21(a)(1) (2007). Defendant argued that his appellate counsel was not given the opportunity to enter a timely notice of appeal from the order because (1) "neither the Motion for Appropriate Relief nor the Order was contained in the court file," (2) "the Order was not served on [counsel]," and (3) "[counsel] was not made aware of [the] existence of these documents until well after the 14-day period to file a timely notice of appeal had expired."
Accordingly, we granted defendant's writ pursuant to Rule 21(a)(1) and address his arguments concerning Judge Ridgeway's order below.

Motion for Appropriate Relief
Defendant argues that the trial court incorrectly concluded that defendant's motion for appropriate relief presented no questions of fact. However, we do not reach that issue because the trial court did not have jurisdiction to hear defendant's motion for appropriate relief. Accordingly, we vacate the trial court's order denying defendant's motion for appropriate relief. Defendant will then have the opportunity to properly file and serve a motion for appropriate relief. Defendant pled guilty and was sentenced on 2 April 2007. Defendant's first letter to the trial court dated 10 April 2007 was treated by both the trial court and this Court as a motion for appropriate relief. However, the letter was not file-stamped and the record contains no indication of when this letter was sent to or received by the trial court or that it was ever served upon the district attorney.
The requirements for filing and serving a motion for appropriate relief are enumerated in N.C. Gen. Stat. § 15A-1420(a), which provides in pertinent part that written motions for appropriate relief must:
(1) . . . .
b. State the grounds for the motion;
c. Set forth the relief sought; and
d. Be timely filed.

(2) A written motion for appropriate relief must be served in the manner provided in G.S. 15A-951(b). . . .
(3) A written motion for appropriate relief must be filed in the manner provided in G.S. 15A-951(c).
N.C. Gen. Stat. § 15A-1420(a)(1)-(3) (2007) (emphasis added).
As to service of the motion for appropriate relief, N.C. Gen. Stat. § 15A-951(b) provides:
Each written motion must be served upon the attorney of record for the opposing party or upon the defendant if he is not represented by counsel. Service upon the attorney or upon a party may be made by delivering a copy of the motion to him or by mailing it to him at his address of record. . . . Service by mail is complete upon deposit of the motion enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the Postal Service of the United States.
N.C. Gen. Stat. § 15A-951(b) (2007).
As to filing and proof of service of the motion for appropriate relief, N.C. Gen. Stat. § 15A-951(c) provides that:
All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate:
(1) By the prosecutor, attorney, or defendant making the motion that the paper was served in the manner prescribed; or
(2) Of acceptance of service by the prosecutor, attorney, or defendant to be served.
The certificate must show the date and method of service or the date of acceptance of service.
N.C. Gen. Stat. § 15A-951(c) (2007).
N.C. Gen. Stat. § 15A-1414 provides that in this situation a motion for appropriate relief must be made "not more than 10 days after entry of judgment[.]" N.C. Gen. Stat. § 15A-1414(a) (2007); see State v. Craver, 70 N.C. App. 555, 560, 320 S.E.2d 431, 434 (1984) (excluding Saturdays and Sundays in the calculation of ten days after entry of judgment). If the motion for appropriate relief is filed within ten days after entry of judgment, the trial court retains jurisdiction to act upon the motion "whether or not notice of appeal has been given." N.C. Gen. Stat. § 15A-1414(c) (2007). N.C. Gen. Stat. § 15A-1448 provides that, if a motion for appropriate relief has been made under N.C. Gen. Stat. § 15A-1414, "the case remains open for the taking of an appeal until the court has ruled on the motion." N.C. Gen. Stat. § 15A-1448(a)(2) (2007). However, the trial court is divested of jurisdiction "when [(1)] notice of appeal has been given" and (2) the time for taking anappeal has expired. N.C. Gen. Stat. § 15A-1448(a)(3) (2007). In State v. Williams, this Court determined that when a defendant filed his motion for appropriate relief after giving notice of appeal and approximately six months after entry of judgment that
[p]ursuant to G.S. § 15A-1448(a)(3), the trial court was without jurisdiction to rule on [the] defendant's MAR . . . because his appeal was pending. . . . When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.
177 N.C. App. 725, 731, 630 S.E.2d 216, 221 (2006) (citation and quotation marks omitted), review denied, 360 N.C. 581, 636 S.E.2d 198 (2006), disc. review dismissed, ___ N.C. ___, 651 S.E.2d 561 (2007).
In this case, the record does not demonstrate that defendant's motion for appropriate relief was timely filed or served. The record does not show the date of filing of the letter, and we cannot simply assume that it was "filed" on 10 April 2007, the very day it was presumably written by defendant at Central Prison. See State v. Crawford, 104 N.C. App. 591, 601, 410 S.E.2d 499, 504 (1991) (noting that a motion for appropriate relief must be timely filed and a motion filed thirteen days late was properly dismissed by the trial court). We cannot permit defendant to create his own filing date as to a time-sensitive motion simply by writing a date on his letter; the potential for abuse of such a precedent is obvious. Defendants frequently send letters to North Carolina's trial courts, containing various claims which could be construed as motions of some type, but these letters cannot be considered as"filed" with the trial court based only upon the date written on the letter by the defendant. We must rely on the dates as established by regular court procedures. Furthermore, there is no indication that defendant's first letter was ever served upon the district attorney, as is also required by N.C. Gen. Stat. § 15A- 951(b)-(c). See N.C. Gen. Stat. § 15A-951(b)-(c) (2007).
Defendant's first letter, treated as a motion for appropriate relief, was not filed or served in accordance with N.C. Gen. Stat. § 15A-951. Therefore, his time for filing a motion for appropriate relief that could be heard by the trial court under § 15A-1414(a) had expired. See N.C. Gen. Stat. § 15A-1414(a) (2007). Defendant did however file a timely notice of appeal,[1] thus cutting off the jurisdiction of the trial court to hear the motion for appropriate relief. See N.C. Gen. Stat. § 15A-1448(a)(3) (2007). Therefore, the procedural situation before us is that defendant never filed or served a motion for appropriate relief in accordance with N.C. Gen.Stat. § 15A-951, but he did file a timely notice of appeal, which, pursuant to N.C. Gen. Stat. § 15A-1448(a)(3), divested the trial court of jurisdiction to hear the motion for appropriate relief. See N.C. Gen. Stat. § 15A-1448(a)(3) (2007). The trial court therefore had no jurisdiction to hear the motion for appropriate relief and the order denying the motion for appropriate relief must be vacated. See Williams, 177 N.C. App. at 731, 630 S.E.2d at 221. "Defendant is not barred from filing a new MAR setting forth" the same claims he attempted to raise in his first letter. See id. at 732, 630 S.E.2d at 221.
Accordingly, we vacate the 9 May 2008 trial court order denying defendant's motion for appropriate relief.
Vacated.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).
NOTES
[1] Defendant's notice of appeal was treated as being "timely" based upon Judge Donald W. Stephens's file notation directing that it be considered as such. We are unable to determine from the record exactly why Judge Stephens considered the appeal as "timely"; pursuant to N.C.R. App. P. 4(a)(2) it should have been filed within fourteen days after entry of judgment and the file stamp is dated 8 June 2007, approximately two months after entry of judgment. See N.C.R. App. P. 4(a)(2) (2009). However, as neither party has contested this, we consider defendant's appeal as timely because the record reflects it as such. See In re A.R.H.B., 186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007), appeal dismissed, 362 N.C. 235, 659 S.E.2d 433 (2008) ("The longstanding rule is that there is a presumption in favor of regularity and correctness in proceedings in the trial court, with the burden on the appellant to show error. Unless the record reveals otherwise, we presume that judicial acts and duties have been duly and regularly performed.") (quotations and citations omitted).