STATE OF NORTH CAROLINA
v.
MONIQUE DIXON
No. COA08-1550
Court of Appeals of North Carolina
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Shawn C. Troxler, for the State
Jon W. Myers for defendant-appellant. 
BRYANT, Judge.
On 31 December 2007, defendant Monique Dixon was indicted for possession with intent to sell or deliver a controlled substance. The case was tried in the 3 July 2008 Criminal Session of Mecklenburg County Superior Court. A jury found defendant guilty of possession of cocaine. The trial court entered judgment in accordance with the verdict and sentenced defendant to a term of four to five months in the custody of the North Carolina Department of Correction but suspended the sentence and placed defendant on supervised probation for eighteen months. For the reasons stated herein, we find no error in the judgment of the trial court.

FACTS
The evidence presented at trial tended to show that on 10 May 2007, Officer Connie Harts Landis of the Charlotte-Mecklenburg Police Department was dispatched to a hotel at 610 Tryon Road in Charlotte, North Carolina. Officer Landis testified that there was a report that drugs were being sold out of Room 120 at the hotel. Officer Landis and two other officers approached Room 120 and attempted a "knock and talk." Officer Landis testified that a "knock and talk" is where an officer will knock on a door, ask questions of the occupants, and seek permission to search the room and the occupants.
Officer Landis testified that when she knocked on the door, "[a] black male peeked out of the curtain of the door, closed it. Stated [sic] to wait a minute." The officers heard "rustling in the room," and approximately two minutes later a second male answered the door and asked what the officers wanted. Officer Landis explained the reason for their presence and obtained consent to search the room. At the back of the room, Officer Landis observed a tissue box with "wet, kind of scrunched" tissues in it. Officer Landis discovered a Newport cigarette box underneath the wet tissues. Inside the Newport cigarette box were what appeared to be rocks of crack cocaine. A further search of the room revealed drug paraphernalia, empty baggies with crack residue, a small scale, and a bag of marijuana.
After discovering the cocaine and marijuana, the officers detained all four occupants of the room, including the defendant, and placed them each into separate patrol cars. Officer Landis questioned the defendant. Officer Landis testified that defendant told her "that we need not investigate any further. The crack cocaine was hers. The scale was hers, and told me that she had money in her bra from the sales. So we detained that as well." Officer Landis placed defendant under arrest and escorted her to the Law Enforcement Center. At the Law Enforcement Center, Officer Landis advised defendant of her rights, and defendant signed a wavier of rights form. Defendant then signed a written confession stating that she was "pregnant, on my own, and selling crack is an easy way to make money." Officer Landis testified defendant orally confessed that the crack cocaine and paraphernalia in the room was hers and only hers." At trial, defendant recanted her confession.
Defendant was convicted of felony possession of cocaine and was sentenced to a term of four to five months imprisonment. The trial court suspended defendant's sentence and placed her on supervised probation for eighteen months. Defendant appeals.
On appeal, defendant contends the trial court erred in denying her motion to dismiss the charge of possession with intent to sell or deliver a controlled substance. The basis for her argument is a discrepancy in the control numbers used on the evidence bag, which contained the cocaine seized from her hotel room, and the laboratory report, which identified the material seized as cocaine. State's Exhibit 2, a sealed envelope containing items seized from defendant's hotel room, was labeled with the complaint number "XXXXXXXXXXXXXX." Officer Landis testified that the control number on this envelope was "1594." The contents of State's Exhibit 2 were labeled State's Exhibit 3, which included the alleged rocks of crack cocaine seized from defendant's hotel room. State's Exhibit 6 was the laboratory report from the Charlotte-Mecklenburg Police Department Crime Laboratory. However, though the report was labeled with the same complaint number as Exhibit 2, "XXXXXXXXXXXXXX," the report listed the control number for the sample analyzed as "XXXXXXXXX."
Defendant contends that, because the control numbers did not match, the State had failed to prove that the substances confiscated from defendant's hotel room in Exhibit 3 were cocaine, and thus, the trial court erred in failing to dismiss the charge of possession with intent to sell or deliver a controlled substance. We disagree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (citation omitted).
Before real evidence may be received into evidence, the party offering the evidence must first satisfy a two-pronged test. The item offered must be identified as being the same object involved in the incident and it must be shown that the object has undergone no material change. . . . A detailed chain of custody need be established only when the evidence offered is not readily identifiable or is susceptible to alteration and there is reason to believe that it may have been altered. Any weak links in the chain of custody pertain only to the weight to be given to the evidence and not to its admissibility.
State v. Fleming, 350 N.C. 109, 131, 512 S.E.2d 720, 736 (internal citations and quotations omitted).
Here, defendant was charged with possession with intent to sell or deliver cocaine. "The offense of possession with intent to sell or deliver has three elements: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance." State v. Nettles, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175 (2005) (citations omitted). At trial, Officer Landis testified that the substance seized from the hotel room appeared to be crack cocaine, that she placed the substance in an evidence control bag, and that the evidence control bag was stamped with the complaint number. Officer Landis identified State's Exhibit 2 as the same bag she turned into property control and testified that it referenced the same complaint number (XXXXXXXXXXXXXX) and control number (1594) as the bag she turned into property control and that it was "in the same or substantially similar condition[.]" Upon opening the bag, the State marked the contents of the evidence control bag as State's Exhibit 3. State's Exhibit 3 included a Newport cigarette container and a Kleenex box "with the crack and the wrappers that have been coming open."
Officer Landis testified that she had been a police officer in Charlotte for over four years, and during that time she had seen crack and cocaine "at least once a week . . . . [m]aybe at least 100 times. . . ." And, she had an "extensive amount of training" in identifying drugs, both in the classroom and in the field. Officer Landis identified the substance in State's Exhibit 3 as crack cocaine.
Additionally, the State introduced State Exhibit 6, a lab report from the Charlotte-Mecklenburg Police Department Crime Laboratory. The lab report reflected that "the item turned in under this complaint number . . . did test positive for cocaine weighing in at 1.02 grams." Defendant argues that while the lab report references the same complaint number as State's Exhibit 2 a difference between the control numbers, "1594" and "XXXXXXXXX" renders the report insufficient to support the charge of possession with intent to sell or deliver cocaine.
We hold that on these facts where State's Exhibit 2 and State's Exhibit 6 reference the same complaint number, the difference between control numbers associated with State's Exhibit 2 ("1594") and State's Exhibit 6 ("15944") amounts to a clerical error, "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something . . . ." State v. Jarman, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (citation omitted).
Moreover, we note that defendant confessed to possessing cocaine. Although defendant recanted her confession at trial, it was for the jury to determine whether to give greater weight to her confession, or to her recantation. See State v. Pullen, 163 N.C. App. 696, 700, 594 S.E.2d 248, 251 (2004) (citing State v. Williams, 355 N.C. 501, 579, 565 S.E.2d 609, 654 (2002), cert. denied, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003)) ("Although [co-defendant] recanted that confession at trial, it was the responsibility of the jury, and not the trial court, to decide whether to give greater weight to [co-defendant's] trial testimony than his original confession.").
When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994)(citing State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991)). We conclude that when considering Officer Landis' testimony identifying the material seized from defendant as cocaine, the laboratory report identifying the substance as cocaine, and defendant's confession to possessing cocaine, a reasonable jury could conclude that defendant possessed cocaine. Therefore, we hold the trial court did not err by denying defendant's motion to dismiss. Accordingly, we find no error.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).